UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**REGINALD T MORRIS #1077432**     **CASE NO. 6:19-CV-00546 SEC P**

**VERSUS**     **JUDGE JUNEAU**

**PUBLIC DEFENDER MAGGIE ET AL**     **MAGISTRATE JUDGE HANNA**

## REPORT AND RECOMMENDATION

Pro se complainant, Reginald T. Morris, an inmate in the custody of the Louisiana Department of Corrections, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on April 29, 2019. Plaintiff is currently incarcerated at the Lafayette Parish Correctional Center (LPCC). He names the following as defendants: Public Defender Maggie, Assistant District Attorney Renee M. Louviera and Judge Comeaux. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

### *Statement of the Case*

Plaintiff alleges that the public defender in St. Martin Parish violated his constitutional rights by refusing to properly defend him. Judge Comeaux violated

his civil rights by refusing to remove Maggie, the public defender, from his case and the Assistant District Attorney, along with Judge Comeaux and the public defender, acted improperly in connection with the proceedings against him in St. Martin Parish.

## Law and Analysis

1. **Frivolity Review**

Morris has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397,

400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### 2. Defendants

#### a. Judge Comeaux

Plaintiff's claims against Judge Comeaux arise out of the performance of his judicial duties. Judges have absolute immunity for acts done within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978). The Fifth Circuit has delineated three elements to identify acts as being judicial in nature, and thus not in the clear absence of all jurisdiction: "(1) normal judicial functions that (2) occurred in the judge's court or chambers and were (3) centered around a case pending before the judge." *Eitel v. Holland*, 787 F.2d 995, 998 (5th Cir.1986). These factors are construed liberally in favor of immunity. *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir.1985). As the claims against Judge Comeaux meet the criteria set forth above, he is immune from suit and claims against him should be dismissed.

#### b. Public Defender Maggie

Plaintiff alleges wrongdoing on the part of the head St. Martin Parish Public Defender's Office, Maggie. Section 1983 claims require that the conduct complained of be done under color of law, and private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983. *Nelson v. Stratton*, 469 F.2d 1155 (5th Cir.1972), *cert. denied*,

410 U.S. 957 (1973). As a matter of law, the acts of an individual's attorney in representing a criminal defendant do not constitute the necessary "state action" for a viable claim under § 1983. *Polk County v. Dodson*, 454 U.S. 312 (1981). Accordingly, any claims against plaintiff's court appointed attorney should be dismissed.

### c. Assistant District Attorney Renee Louviera

Finally, any claim for monetary damages against Assistant District Attorney Louviera is barred by the doctrine of absolute immunity. A district attorney and his assistants are absolutely immune in a civil rights suit for any action taken pursuant to their role as prosecutors in preparing for the initiation of judicial proceedings and in presenting the State's case. *See Kalina v. Fletcher*, 522 U.S. 118, 129 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir.1997). Absolute immunity applies "[e]ven where the prosecutor knowingly used perjured testimony, deliberately withheld exculpatory information, or failed to make full disclosure of all facts.*" Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir. 1979). Absolute immunity protects prosecutors from all liability even when they act "maliciously, wantonly or negligently." *Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985).

Plaintiff has not alleged any specific action on the part of the defendant which caused him to remain confined unlawfully, nor has he alleged conduct on the part of

the district attorney that would fall outside of her role as State's advocate. As such, she is entitled to absolute prosecutorial immunity. *See Imbler*, 424 U.S. at 430 (absolute immunity protected prosecutor from suit even for knowingly using perjured testimony and suppressing material evidence at plaintiff's murder trial). Accordingly, plaintiff's claims against Louviera should be dismissed.

## Conclusion

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from**

**attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE in Chambers on this 8th day of May, 2019.

_____
**Patrick J. Hanna
United States Magistrate Judge**